UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-86 (PLF) |
| : | |
| ROBERT SANFORD, : | |
| : | |
| Defendant. : | |
| _____ : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO RECONSIDER DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to Defendant's Motion to Reconsider Detention.

### FACTUAL BACKGROUND

As the statement of facts in this matter describes, the Defendant is charged by indictment in this matter with participating in the riot at the United States Capitol building on January 6, 2021. Specifically, video footage captured the Defendant throwing a fire extinguisher into a group of United States Capitol Police officers, striking at least three officers in the head. In addition to the facts alleged in the statement of facts, the government has obtained additional video footage of the riot which depicts the Defendant throwing a traffic cone at police officers and screaming at the officers that they were "cowards," and "traitors."

Following the Defendant's arrest in this matter, the government searched the Defendant stated to law enforcement that he kept the clothing he wore on the day of the riot at his sister's home. Law enforcement recovered the clothing depicted in the surveillance footage from the riot as well as the backpack the Defendant was wearing in the videos.

At the detention hearing on January 14, 2021, Judge Perkin in the Eastern District of Pennsylvania found that there was no condition nor combination of conditions for the Defendant's release that would ensure the safety of the community. Following the government's disclosure that law enforcement did not find a Proud Boys shirt in the Defendant's home, Judge Perkin indicated to both undersigned counsel and to the Defendant's counsel in Pennsylvania that the Proud Boys shirt was not a significant factor in his decision to detain the Defendant.

## **ARGUMENT**

The government requests that the Court deny the Defendant's motion to reconsider Judge Perkin's decision to detain the Defendant. The circumstances in this matter warrant detention under 18 U.S.C. 3142(f)(1)(A).

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

In determining whether there are conditions or a combination of conditions that can reasonably assure the safety of the community and the Defendant's appearance in future court proceedings, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The government agrees with the Pre-Trial Services report in this matter, that, if the Court releases the Defendant, there is no condition or combination of conditions that can reasonably assure the safety of the community. The first factor before the Court, the nature and circumstances of the offense, weighs heavily in favor of detention. The Defendant's conduct in this matter did not involve simply trespassing on the Capitol grounds. Instead, he participated in an insurrection against the United States government and assaulted three federal law enforcement officers by throwing a fire extinguisher at their heads. But for the officers wearing helmets, this conduct had the potential to cause serious injuries to the officers struck by the fire extinguisher.

The second factor before the Court, the weight of the evidence against the Defendant, also weighs heavily in favor of detention. The Defendant has not disputed the facts in the statement of facts. Additionally, the Defendant's conduct was captured on video. Therefore, the weight of the evidence against the Defendant is very strong.

The next factor, which concerns the history and characteristics of the Defendant, also weighs in favor of detention. In addition to assaulting law enforcement officers, the Defendant yelled at the officers who were tasked with maintaining order and protecting the Capitol building, calling them "traitors," and "cowards." The Defendant's conduct as outlined in the statement of facts, which the Defendant has not disputed, demonstrates a clear antipathy for law enforcement, which resulted in an act of violence against officers. This is relevant for the Court's detention decision because, if the Defendant harbors a strong antipathy for law enforcement, it is unlikely that he will abide by any release conditions ordered by the Court.

The final factor, the danger posed to members of the community if the Defendant is released, weighs in favor of detention. The Defendant previously traveled across state lines, participated in an insurrection against the government, and assaulted law enforcement officers.

The Defendant's conduct was serious and violent and showed a complete lack of regard for the authority of law enforcement officers. Therefore, the Court should consider this factor to weigh in favor of detention.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny the Defendant's request to reconsider the order of detention in this matter.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY


/s/ Janani Iyengar
JANANI IYENGAR
Assistant United States Attorney
NY Bar No. 5225990
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530